# HERBERT J. TAN, L.L.C.
# ATTORNEY AT LAW
**744 Broad Street, 16th Floor**
**Newark, New Jersey  07102**
**Telephone No:  (973) 735-2681**
**ATTORNEY FOR PLAINTIFF**

| Lucy Gracia-Brown | : UNITED STATES DISTRICT COURT |
| | : DISTRICT OF NEW JERSEY |
| Plaintiff, | : Civil Action Number: |
| | : |
| V. | : **CIVIL ACTION** |
| | : |
| City of Newark, | : **COMPLAINT AND JURY DEMAND** |
| John Doe (1-12) and XYZ | : |
| Corporation (1-12) | : |
| Defendant(s). | : |
| | : |

Lucy Gracia-Brown, hereinafter referred to as "Plaintiff", is a resident of the City of Newark and  State of New Jersey, by way of Complaint; says:

## PRELIMINARY STATEMENT AND JURISDICTION

1. This action is brought pursuant to the following:  First Amendment of the United States Constitution, New Jersey's Civil Rights Act, N.J.S.A. 10:6-1 *et seq.* and any common law remedies.

2. Jurisdiction of this Court is invoked pursuant to the United States Constitution and the New Jersey Rules of Court.

3. City of Newark, hereinafter referred to as "Defendant", is a legal entity organized in New Jersey under the laws of the State of New Jersey.

4. Defendant's supervisory personnel and employees named herein at all times were in the employ of and acting as agents for Defendant in the course of their employment.

## FACTS

5.  On September 6, 1994, the Plaintiff was provisionally appointed to the title of Assistant Assignment Clerk in the Mayor's Office.

6.  On August 23, 1999, she was provisionally appointed to the title of Principal Operator, Automated Typewriter.

7.  On March 30, 2001, she was permanently appointed to the career service title of Secretarial Assistant, Bilingual in Spanish and English.

8.  On February 18, 2002, she was provisionally promoted to the title of Administrative Analyst, and she achieved permanency in that title on July 4, 2004.

9.  On April 24, 2006, Plaintiff was permanently appointed to the title of Senior Administrative Analyst in the Mayor's Office.

10. Plaintiff has been affiliated with Mayor Sharpe James for the fifteen (15) years.

11. On May  2006, Cory Booker was elected Mayor of the City of Newark.  He was sworn in on July 1, 2006.

12. On July 3, 2006, Plaintiff met with Pablo Fonseca, Chief o f Staff to the Mayor.  Mr. Fonseca requested that plaintiff provide him with a resume.  Before close of business day, plaintiff provided him with the resume.   He then told her that he would get back to her with reporting instructions.  She reported to the office everyday and met with the Union President, Michal James, President of Council 21.  Each day when she reported, Mr. Fonseca was unavailable. She spoke briefly with him on July 10, where he told he that the time off away from work would be "on him" Plaintiff told him that she didn't mind if he charged the time to vacation time, as she had plenty of time to cover until he determined where she would be reporting to work.

13. On July 15 (Friday), 2006, plaintiff received a call from Xiomara Cruz, Pablo Fonseca's assistant, who called her at 5:15 p.m. on her cell phone and instructed her to report to Sanitation on Monday, July 17, 2006.  Plaintiff asked to speak to Mr. Fonseca, but he was unavailable.    Plaintiff reported to "work" at Sanitation, where she was told to sit in a filthy, empty desk, devoid of a computer or any office supplies and not given any work to do. Plaintiff was "supervised" by Norva Ricker, who shared the very same title, Senior Administrative Analyst.

14. At the same time, the City appointed seven individuals to Ms. Gracia Brown's position in a provisional basis at the top of the pay scale.  Later, neither one of the appointees possessed the requisite skill set or qualifications needed to pass the Civil Service Examination for the title of Senior Administrative Analyst.

15. There was an printed copy of an e-mail from Kimberly Moore, Chief of Administrative Services in Neighborhood services stating that per Mr. Fonseca's instructions, Lucy Gracia-Brown and Terry Mason (another employee of the mayor's office) were to report to Sanitation effective July 17, 2006.

16. On July 17, 2006, Plaintiff was transferred to the Department of Neighborhood and Recreational Services.  On that date, the Defendant City appointed seven individuals to the title of Senior Administrative Analyst in the Mayor's Office..

17. Plaintiiff complained to the Merit System Board regarding the transfer.  The Defendant City did not oppose the complaint to the Merit System Board.

18. On March 28, 2007, Plaintiff was ordered transferred back to the Mayor's Office in her title of Senior Administrative Analyst and ordered that the Plaintiff be immediately assigned duties that are appropriate to her title.

19. Plaintiff complained to the Merit System Board regarding the appeal of the transfer.  The defendant City of Newark did not oppose the appeal.  The City could not justify the validity of the transfer.  The Merit Board ruled in plaintiff's favor and the matter was listed as one of the most notable decisions of 2007 regarding illegal transfers.  In October of 2007, Norva Ricker approached the plaintiff to sign a PD-2 form to officially transfer the plaintiff to the division.  She also stated that if she signed it it would be a "death wish" because she was the one with the most seniority serving in the title.  Plaintiff immediately contacted her lawyer, Ciro Spina, III, esq., who quickly chided the City in writing about approaching me about the transfer, as my matter was in appeal before the State Merit Board.

20. Plaintiff was assigned to the Newark Municipal Court to work as a Senior Administrative Analyst.  The Newark Municipal Court falls under the purview of the Office of the Mayor.  There, her duties were as follows:

   a. From March 28 until June 6, 2006 she was assigned to the Court's Call Center, working along  clerks earning 20-30K, she was instructed to answer calls from people with matters pending in the Court.  Plaintiff again complained to the Merit System Board via her attorney's office, Eric Winston, who also chided the City in writing for failing to place Ms. Gracia-Brown to a position commensurate with her title.

   b. June 6, she was assigned to the Newark Municipal Court's Clerk's Office, a.k.a. Correspondence Unit where her duties consists of the following:

      i. Serve as backup to the Unit Manager/Court Administrator when needed in speaking to defendant's with "issues" reporting to the Judicial suite.

ii.  Serve primarily as the "Attorney Liason" to all attorneys with matters in Newark Municipal Court.

iii.  Adjourn traffic and criminal matters.

iv.  Removal of bench warrants

v.  Consolidate traffic and criminal matters.  When needed refer matters to CJP desk to transfer cases out to Superior Court.

vi.  Enter attorney information onto ACs system onto cases represented by attorneys.

vii.  Provide dispositions to attorneys on traffic/criminal matters.

viii. Take calls and confer with attorneys or their representatives via telephone.

ix.  Confer with attorneys when needed.

x.  Compose correspondence, letters of error to the state division of Motor Vehicles for attorneys or defendants.

xi.  Other duties as assigned by the Court Director of Manager when needed.

21. Due to the transfer, she has been unable to make further advancements which has been a detriment to her career.

## CLAIM FOR RELIEF

The retaliatory employment practices of the defendants violate rights secured by plaintiff by the United States Constitution.

## PRAYER

**WHEREFORE,** Plaintiff prays that this Court declare that through the individual and collective effects of defendants' acts and practices, the defendants have violated rights secured by the United States Constitution; declare plaintiff was wrongfully forced to suffer retaliatory treatment; award plaintiff back pay; award plaintiff compensation for defendants' retaliation as well as punitive damages; award plaintiff such other and further relief as this Court may deem to be just and equitable, including reasonable attorney's fees, costs and disbursements; Plaintiff requests a trial by jury on all issues.

## COUNT TWO

1.  Plaintiff repeats the allegations of the previous counts as if fully restated herein.

2.  Said allegations amount to violations of and N.J.S.A. 10:6-1 *et. seq.* and the personnel policies of the defendant and the public policy of this State as plaintiff was retaliated against because of her political affiliation.

3.  As a consequence of the aforestated acts, Plaintiff has been damaged as previously set forth.

**WHEREFORE,** Plaintiff requests judgment against all defendants for monetary damages, both compensatory and punitive, both past and prospective, both several and joint plus costs and interest for violation of NJSA 10:6-1 *et seq.*

## COUNT THREE

1.  Plaintiff repeats the allegations of the previous counts as if fully restated herein.

2.  Said allegations amount to violations of and 42 U.S.C.A. section 1983, plaintiff was retaliated against because of her political affiliation.

3.  As a consequence of the aforestated acts, Plaintiff has been damaged as previously set forth.

**WHEREFORE,** Plaintiff requests judgment against all defendants for monetary damages, both compensatory and punitive, both past and prospective, both several and joint plus costs and interest for violation of 42 U.S.C.A. section 1983.

## REQUEST FOR JURY TRIAL

Plaintiff hereby demands trial on all issues.

**HERBERT J. TAN, L.L.C.**

/s/ Herbert J. Tan
Herbert J. Tan, Esq.
Attorney for Plaintiff

Dated:      July 26, 2009

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:5-1, Herbert J. Tan, Esq. is hereby designated as trial counsel for the above captioned matter.

**HERBERT J. TAN, L.L.C.**

/s/ Herbert J. Tan
Herbert J. Tan, Esq.
Attorney for Plaintiff

Dated:      July 26, 2009

## CERTIFICATION PURSUANT TO R.4:5-1

Plaintiff hereby certify that to the best of her knowledge, the within matters in controversy are not the subject of any other action pending in any other Court or of a pending arbitration proceeding nor is any action or arbitration proceeding contemplated nor are other parties required to be joined in this action.

**HERBERT J. TAN, L.L.C.**

/s/ Herbert J. Tan
Herbert J. Tan, Esq.
Attorney for Plaintiff

Dated:      July 26, 2009