NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUCY GRACIA-BROWN, | Hon. Garrett E. Brown, Jr. |
| Plaintiff, | Civil Action No. 09-3752 |
| v. | **MEMORANDUM OPINION** |
| CITY OF NEWARK, JOHN DOE 1–3, and XYZ CORPORATIONS 1–12, | |
| Defendants. | |

**BROWN, Chief Judge:**

This matter comes before the Court upon the motion (Doc. No. 6) to dismiss filed by Defendant City of Newark.[1] Defendant seeks dismissal of Plaintiff's Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(1), (b)(6). For the following reasons, the Court will grant Defendant's motion.[2]

---

[1] This matter was reassigned to the undersigned by Order of March 15, 2010.

[2] The Court notes that Plaintiff's Opposition Brief was not timely filed. Although Plaintiff's opposition was originally due October 5, 2009, the Honorable Joseph A. Greenaway, then-United States District Judge, granted Plaintiff a 30-day extension on October 15, 2009. Plaintiff's counsel filed the opposition, which bears the date November 18, 2008, on November 16, 2009, more than 30 days after Judge Greenaway's extension order. Although the Court could reject Plaintiff's brief pursuant to Local Civil Rule 7.1(d)(7), the Court will exercise its discretion and consider the brief.

The Court also notes that Plaintiff's brief lacked internal page-numbering. Thus, when the Court refers to a "* [page number]," the Court will refer to a given page as it appears sequentially in Plaintiff's brief.

*Background*

For the purpose of this motion, the Court accepts as true the factual allegations contained in the Complaint and draws all reasonable inferences in favor of Plaintiff. *See, e.g.*, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). According to the Complaint, Plaintiff Lucy Gracia-Brown worked as a civil servant in a number of positions for Defendant the City of Newark ("the City") between 1994 and 2007.[3] During this time, Plaintiff alleges that she was "affiliated with Mayor Sharpe James." (Compl. ¶ 10.)

Following Mayor Cory Booker's election in May 2006, Plaintiff avers that she met with the Mayor's chief of staff in an attempt to get "reporting instructions" concerning her new assignment, and, after approximately two weeks, an administration official informed her that she would be working for the Division of Sanitation within the City's Department of Neighborhood and Recreation Services as of July 17, 2006. (*See id.* ¶¶ 11–13, 16.) At the time of the transfer to the Division of Sanitation, Plaintiff held the title of Senior Administrative Analyst. (*See id.* ¶¶ 9, 13.) Plaintiff claims that she reported to her new position where she was given no work and she was supervised by someone who had the same civil service title. (*Id.* at ¶ 13.) Moreover, Plaintiff alleges that "she was told to sit in a filthy, empty desk, devoid of a computer or any office supplies." (*Id.*) At the same time that Plaintiff alleges she was transferred to the Division of Sanitation, Plaintiff contends that the City appointed seven unqualified persons to her title within the Mayor's Office. (*Id.* ¶¶ 14, 16.)

---

[3]During the 1990s, Plaintiff avers that she held provisional titles of Assistant Assignment Clerk—Mayor's Office and Principal Operator—Automated Typewriter. Between March 2001 and April 2006, Plaintiff claims that she achieved the following permanent titles: Secretarial Assistant—Bilingual, Administrative Analyst, and Senior Administrative Analyst—Mayor's Office. (Compl. ¶¶ 5–9.)

Plaintiff alleges that she filed an administrative appeal challenging her transfer to the Division of Sanitation with the state Merit System Board (MSB), which the City did not oppose. (Compl. ¶¶ 18–19.) On March 28, 2007, the MSB issued an order (hereinafter "MSB transfer order") instructing that Plaintiff be returned to the Mayor's Office with duties appropriate for her title as a Senior Administrative Analyst. (*Id.* ¶ 18.) Following the MSB ruling, Plaintiff states that she was assigned to work as a Senior Administrative Analyst in the Newark Municipal Court, which "f[ell] under the purview of the Office of the Mayor." (*Id.* ¶ 20.) Plaintiff claims that she was assigned to the Municipal Court's Call Center from March 28 until June 6, 2007,[4] where she was tasked with assignments below her title. (*Id.* ¶ 20(a).) After her attorney sent a letter to the MSB complaining of the new work conditions, Plaintiff avers that she was assigned to the Municipal Court's Clerk's Office on June 6, 2007. (*Id.* ¶ 20(b).[5]) In her position with the Clerk's Office, Plaintiff alleges that she has been tasked with Court Administrator duties, including communication with attorneys appearing before the Municipal Court, adjourning traffic

---

[4] Paragraph 20 of the Complaint indicates that Plaintiff worked in the Call Center between March and June 2006, but these dates conflict with the overall timeline of events presented by the Complaint because they predate her July 2006 meeting with the Mayor's chief of staff (and to some degree, Mayor Booker's May 2006 election), her July 2006 transfer to the Division of Sanitation, and the MSB's March 2007 ruling on her appeal. The Complaint refers to a letter Plaintiff's attorney sent to the MSB *during* this time period to complain of the City's compliance with the MSB's March 28, 2007 Order (*see* Compl. ¶ 20(a) and (b)), and Defendant has submitted a copy of this letter that Plaintiff does not dispute (Daniels Certif., Ex. D). This letter bears the date April 19, 2007. These circumstances, as well as Plaintiff's failure to respond to any of Defendant's arguments that presumed these events occurred in 2007, persuade the Court that the dates contained in Paragraph 20 of the Complaint are erroneous. Consistent with the parties' arguments and the timeline of the Complaint, the Court understands Plaintiff to allege that she worked in the Call Center from March 28 until June 6, 2007.

[5] Although the Complaint does not provide the year that this transfer occurred, the Complaint's timeline cues, addressed *supra* note 4, clearly indicate that Plaintiff alleges this transfer to the Clerk's Office occurred on June 6, 2007.

3

and criminal matters, removal of bench warrants, entry of attorney information into the Municipal Court's systems, and drafting correspondence to the state Division of Motor Vehicles. (*Id.*)  Plaintiff alleges that her transfers have precluded her from "mak[ing] further advancements which has been a detriment to her career."  (Compl. ¶ 21.)

On July 26, 2009, Plaintiff filed a Complaint alleging that the City's retaliatory employment practices violated her constitutional rights, and bringing claims pursuant to 42 U.S.C. § 1983 and the New Jersey Civil Rights Act (NJCRA), N.J. Stat. Ann. § 10:6-1 *et seq*.[6]  The gravamen of Plaintiff's Complaint was that the City's retaliatory employment practices violated her federal First Amendment freedom of association.  Defendant now seeks dismissal, arguing that Plaintiff's federal and state constitutional claims are barred by the statute of limitations and, alternatively, that Plaintiff has failed to allege facts that, if proven, would establish constitutional violation.  Defendant also moves to dismiss for lack of subject matter jurisdiction to the extent that Plaintiff seeks an order enforcing the MSB's March 28, 2007 transfer order.

## *Jurisdiction*

It appears that Defendant construes Plaintiff's Complaint to seek relief—specifically, enforcement of the MSB's transfer order—that lies beyond the bounds of the Court's subject matter jurisdiction.  It is therefore incumbent upon this Court to determine whether it has jurisdiction to adjudicate the dispute.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at

---

[6]Plaintiff's Complaint also purports to bring this action pursuant to "any common law remedies" (Compl. ¶ 1), but Plaintiff's Opposition Brief unequivocally acknowledges that she does not advance any common law claims in her Complaint (Pl.'s Opp'n Br. at *15 (noting that "Plaintiff did not request any relief under any common law claims")).

any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .") (citation omitted).

Plaintiff's Complaint seeks redress for alleged violations of the United States Constitution pursuant to 42 U.S.C. § 1983 and the NJCRA. (*See* Compl. Claim for Relief, Counts II & III.[7]) Each of these counts seeks compensatory and punitive damages for the alleged violations. Defendant does not suggest that the Court lacks subject matter jurisdiction to hear these claims, and although Plaintiff's jurisdictional statement does not specify the Court's jurisdiction,[8] Plaintiff's substantive federal claim pursuant to 42 U.S.C. § 1983 indicates that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 to adjudicate that claim. *See Chasis v. Progress Mfg. Co.*, 382 F.2d 773, 776 (3d Cir.1967) (explaining that a party's obligation under Federal Rule of Civil Procedure 8(a)(1) to provide "a short and plain statement of the grounds for the court's jurisdiction" is satisfied "[i]f [the] party seeking to invoke federal jurisdiction asserts a substantial claim under a federal statute"). Supplemental jurisdiction

---

[7]Plaintiff's Complaint appears to present the violation of her constitutional rights as a separate and distinct "Claim for Relief," in addition to her § 1983 and NJCRA claims, but there is no implied cause of action for the violation of First Amendment rights. *See Bush v. Lucas*, 462 U.S. 367, 381–90 (1983) (declining to infer a *Bivens* remedy for a First Amendment workplace retaliation claim). Section 1983 and the NJCRA serve as statutory vehicles for advancing Plaintiff's constitutional claims. Accordingly, the Court understands the Complaint's "Claim for Relief" to duplicate the § 1983 and NJCRA claims.

[8]The Complaint vaguely asserts that this Court has jurisdiction "pursuant to the United States Constitution and the New Jersey Rules of Court." (Compl. ¶ 2.) Yet, because "Congress has the constitutional authority, within the contours of Article III, to define the subject-matter jurisdiction for the lower federal courts," *Caribbean Telecomms. Ltd. v. Guyana Tel. & Tel. Co.*, 594 F. Supp. 2d 522, 525 (D.N.J. 2009) (citations omitted), this Court must look to the statutory grant of authority to hear this dispute, *see, e.g.*, *Cary v. Curtis*, 44 U.S. (3 How.) 236, 245 (1845).

pursuant to 28 U.S.C. § 1367 over Plaintiff's NJCRA claim appears warranted, because the Court has subject matter jurisdiction over Plaintiff's federal claim, the state and federal claim derive from a "common nucleus of operative fact," and the claims would normally "be expected to be tried in one judicial proceeding." *MCI Telecomms. Corp v. Teleconcepts, Inc.*, 71 F.3d 1086, 1102 (3d Cir. 1995). Accordingly, this Court finds that it has federal question jurisdiction to hear Plaintiff's § 1983 claim and supplemental jurisdiction to hear the NJCRA claim, and the Court will proceed to consider the merits of Defendant's 12(b)(6) motion.

*Analysis*

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint will survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).

The plausibility standard requires that "the plaintiff plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and demands "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555); *see also Phillips v.*

6

*County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).  In evaluating a motion to dismiss, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents.  *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

In the present case, Defendant argues that Plaintiff's federal and state law claims are barred by the statute of limitations.  Although the statute of limitations constitutes an affirmative defense under Federal Rule of Civil Procedure 8(c), the limitations defense may be asserted via a Rule 12(b)(6) motion to dismiss if it is apparent on the face of the Complaint that the alleged claims are time-barred.  *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978).  The statute of limitations for Plaintiff's § 1983 claim derives from New Jersey's statute of limitations for personal injury actions.  *See, e.g.*, *Wallace v. Kato*, 549 U.S. 384, 387 (2007).  Pursuant to N.J. Stat. Ann. § 2A:14-2, the statute of limitations for Plaintiff's § 1983 claim is two years from the accrual of the cause of action.  *Montgomery v. De Simone*, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989).  "A § 1983 claim accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'"  *Freeman v. State*, 347 N.J. Super. 11, 22 (App. Div. 2002) (quoting *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980)).

The allegations in the Complaint clearly indicate that the retaliatory events underlying Plaintiff's § 1983 claim—the July 2006 transfer to the Division of Sanitation, the March 2007 transfer to the Municipal Court Call Center, and the June 2007 transfer to the Municipal Court Clerk's Office—all occurred more than two years prior to the filing of the Complaint on July 26,

2009. Plaintiff does not dispute the timeline of events provided by the Complaint, but instead argues that the statute of limitations should be tolled pursuant to the equitable continuing violation doctrine. (Pl.'s Br. at *7–11.) Plaintiff's continuing violations argument is foreclosed, however, by the fact that she alleges discrete retaliatory acts: specific transfers to positions below her title. *See O'Connor v. City of Newark*, 440 F.3d 125, 128 (3d Cir. 2006) (concluding that First Amendment workplace retaliation claims "are always individually actionable," or discrete acts, "even when relatively minor"). The continuing violation doctrine does not apply to allegations of discrete retaliatory acts. As with Title VII claims, § 1983 claims alleging discrete retaliatory acts "must be raised within the applicable limitations period or they will not support a lawsuit." *O'Connor*, 440 F.3d 125, 127 (3d Cir. 2006) (adopting the Title VII discrete acts / hostile work environment dichotomy pronounced by the Supreme Court in *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), for § 1983 claims). Because the events alleged in the Complaint clearly fall outside of the limitations period, and because the continuing violation doctrine offers no refuge for Plaintiff's untimely claim, the Court will dismiss Plaintiff's § 1983 claim with prejudice.

Turning to Plaintiff's NJCRA claim, Defendant suggests that the state-law claim is barred by the same two-year statute of limitations as the § 1983 claim. Although the NJCRA contains no express statute of limitations, *see Owens v. Feigin*, 194 N.J. 607, 611 (2008) (per curiam) (noting the NJCRA's dearth of procedural requirements), the language of New Jersey's generally-applicable personal injury statute of limitations,[9] combined with the NJCRA's similar

---

[9] N.J. Stat. Ann. § 2A:14-2a provides that "Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within 2 years next after the cause of any such action shall have accrued."

purpose and design to § 1983, which has employed state statutes of limitations since the Supreme Court's ruling in *Wilson v. Garcia*, 471 U.S. 261, 279–280 (1985), convinces this Court that New Jersey's two-year limitation applies to the NJCRA. *See Gibson v. Superintendent of N.J. Dep't of Law & Pub. Safety*, Civ. No. 02-5470, 2007 WL 1038920, at *3 (D.N.J. Mar. 29, 2007) (noting the similarities between § 1983 and the NJCRA, and acknowledging the parties' agreement that the same statute of limitations applied to both). Consequently, Plaintiff's NJCRA claim is time-barred for the same reasons that her § 1983 claim is time-barred, and the Court will dismiss this claim with prejudice.

### *Conclusion*

For the aforementioned reasons, the Court will grant Defendant's motion and dismiss Plaintiff's Complaint. An appropriate form of order accompanies this Memorandum Opinion.

Dated: April 26, 2010

                                                     /s/ Garrett E. Brown, Jr.
                                          GARRETT E. BROWN, JR., U.S.D.J.